IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICKEY WAYNE BIDDLE                                                                    PLAINTIFF

vs.                                         Civil No. 1:21-cv-01065

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                               DEFENDANT

**MEMORANDUM OPINION**

Rickey Wayne Biddle ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on March 20, 2019. (Tr. 15). In these applications, Plaintiff alleges being disabled due to blind or low vision, scoliosis, arthritis in his feet and peptic ulcers in his stomach and throat. (Tr. 251). Plaintiff alleges an onset date of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 12.  These references are to the page number of the transcript itself not the ECF page number.

1

December 1, 2017.  (Tr. 15).   These applications were denied initially and again upon reconsideration on.  *Id.*

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 155-214).  Plaintiff's administrative hearing was held on January 14, 2021.  *Id.*  Plaintiff was present and was represented by counsel, Andrew Kirkendall, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Donald Rue testified at this hearing.  *Id.*

On March 30, 2021, after the administrative hearing, the ALJ entered a fully unfavorable denying Plaintiff's applications.  (Tr. 15-23).  In this decision, the ALJ determined the Plaintiff met the insured status of the Act through September 30, 2028.  (Tr. 17, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 1, 2017.  (Tr. 18, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: scoliosis, lumbar degenerative disc disease with radiculopathy, bilateral bunion, chronic pain syndrome, hypertension, macular degeneration, macular epithelial detachment and depressive disorder.  (Tr. 18, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective allegations and determined his Residual Functional Capacity ("RFC").  (Tr. 20-22, Finding 5).  Specifically, the ALJ found Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with additional postural, vision and mental limitations.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff could perform his PRW as a janitor.  (Tr. 23, Finding 6).  Based on this finding, the ALJ determined

Plaintiff had not been under a disability, as defined by the Act, from December 1, 2017, through the date of the decision. (Tr. 23, Finding 7).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On October 25, 2021, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On December 16, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 17, 2021. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raised the following three arguments for reversal: (1) the ALJ erred in assessing his RFC, (2) the ALJ erred in assessing his subjective allegations, and (3) the ALJ and Appeals Council AAJ who decided this case did not have lawful authority to do so since that authority derived directly from the former Commissioner of SSA, whose appointment was

indisputably unconstitutional. ECF No. 14 at 3-14.[2] Because the Court finds the ALJ erred in assessing Plaintiff's subjective allegations, the Court will only address Plaintiff's second argument for reversal.

The Court notes that in assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, the ALJ's determination of subjective allegations is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot

---

[2] In his Reply Brief, Plaintiff no longer seeks reversal based upon this third ground. ECF No. 18.
[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's subjective allegations of pain, the ALJ must make a specific determination regarding that claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations. In his opinion, the ALJ discounted Plaintiff's subjective complains for the following reasons:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 22). Indeed, although the ALJ referenced "other evidence," he did not provide what that "other evidence" was, apart from Plaintiff's medical records.

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective allegations based upon his medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective allegations cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective allegations]"). Accordingly, because the ALJ

provided an insufficient basis for discounting Plaintiff's subjective allegations, this case must be reversed and remanded.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's analysis of his subjective allegations was not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of October 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE